In Equity.

PISCATAQUIS SAVINGS BANK.

*vs.*

ELIZABETH L. HERRICK et als.

Piscataquis.    Opinion November 20, 1905.

*Reference in Equity.    Powers of Referee.    Report of Referee.    When Objections Thereto Should be Made.*

A referee has full power to decide all questions arising, both of law and of fact.    And in the absence of fraud, prejudice or mistake on his part, objections for which should be made when the report is offered for acceptance, his decision is final.

Where a bill in equity was referred by a rule of court, without conditions or limitations, and the referee, having heard the parties, reported the facts found by him, and his conclusions thereon, to the court, and his report was accepted, an appeal from a final decree, made in accordance with the terms of the report, cannot be sustained.

In Equity.    On appeal by defendants.    Appeal dismissed.    Decree below affirmed.

The case is sufficiently stated in the opinion.

*Frank E. Guernsey*, for plaintiff.

*Joseph B. Peaks*, for defendant.

SITTING:    WISWELL, C. J., EMERY, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

SAVAGE, J.    The plaintiff claimed to be the equitable owner of certain notes and a mortgage securing them, which it took as collateral security for loans made by it to the owner of the notes and mortgage, and brought this bill in equity to obtain an equitable foreclosure of the right to redeem the same.    The bill and answer disclose that the parties were at issue upon questions of fact and also upon questions of law.    After the pleadings were completed, the cause was

referred, by agreement of parties, by a rule of court, which contained the stipulation that judgment on the report of the referee should be final. The rule contained no other stipulation material to the present consideration of the case. The referee heard the parties and reported the facts found by him and his conclusions thereon to the court. His report was accepted. Subsequently a justice of the court made a final decree in accordance with the terms of the report, and from that decree one of the defendants seasonably appealed. The cause is now before us upon that appeal.

Of the many questions argued, we need to consider but one. The cause was referred without any conditions or limitations as to the powers of the referee. And in such case, it is well settled that the referee has full power to decide all questions arising, both of law and of fact, and in the absence of fraud, prejudice or mistake on the part of the referee, objections for which should be made when the report is offered for acceptance, his decision is final. *Sweetsir* v. *Kenney,* 32 Maine, 464; *Hall* v. *Decker,* 51 Maine, 31; *Long* v. *Rhodes,* 36 Maine, 108; *Hatch* v. *Hatch,* 57 Maine, 283. By agreement the parties submitted the cause to a tribunal of their own choosing. To that tribunal was transferred all the powers of the court. Having chosen to go to that tribunal, the parties cannot now be heard upon the merits by the court. As was said in *Sweetsir* v. *Kenney,* supra,— "Whatever we might think of the law  . . . .  it is not in our power to control the decision of that tribunal, to which the parties submitted both the law and the facts."

The result is that the appeal from a decree made in accordance with the report of the referee is not sustainable.

*Appeal dismissed. Decree below affirmed with additional costs.*